IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CHARLOTTE JEMISON,** as Administratrix of the Estate of Janiquea Cox, *et al.*, | Case No. 1:21-cv-01028 |
| Plaintiffs, | JUDGE PAMELA A. BARKER |
| -vs- | MEMORANDUM OPINION AND ORDER |
| **AFIMAC GLOBAL, INC.,** | |
| Defendant | |

Currently pending is Defendant AFIMAC Global's August 10, 2022 Motion for Protective Order.  (Doc. No. 31.)  Plaintiffs Charlotte Jemison, as Administratrix of the Estate of Janiquea Cox, and Shelitha Jones filed an Opposition to AFIMAC's Motion on August 11, 2022.  (Doc. No. 35.)  AFIMAC filed a Reply on August 11, 2022.[1]  (Doc. No. 36.)  For the following reasons, AFIMAC's Motion is DENIED.

I.  **Background**

On August 10, 2022, AFIMAC filed a Motion for Protective Order, asking the Court to: (1) terminate the August 2, 2022 deposition of Ed Zukowski, vice president of human resources for AFIMAC; (2) prevent Plaintiffs from conducting further discovery into an allegedly unrelated lawsuit filed in state court by former AFIMAC chief operating officer Matthew Napiltonia against AFIMAC ("the Napiltonia litigation"); and (3) order Plaintiffs to return a 1/26/2022 email from Zukowski

---

[1] The Court notes that it did not provide for any Reply from AFIMAC in its 8/10/2022 Order.  (*See* ECF 8/10/2022 non-document order.)  However, though the Court did not contemplate a Reply it nevertheless considered AFIMAC's Reply in issuing the instant Memorandum Opinion and Order.  The Court concludes, as set forth below, that AFIMAC's Reply does little to move the needle on the Court's conclusions that the 1/26/2022 email is not attorney work product and that Plaintiffs' line of questioning to Zukowski regarding the Napiltonia litigation is permissible.

because the email was allegedly inadvertently-produced attorney work product. (Doc. No. 31, PageID# 83, 88.) At the Court's request, AFIMAC filed a copy of the 1/26/2022 email under seal for an *in camera* review later that day. (Doc. No. 32.)

On August 11, 2022, Plaintiffs filed an Opposition to AFIMAC's Motion. (Doc. No. 35.) Therein, Plaintiffs argue that they should be entitled to depose Zukowski about the 1/26/2022 email and the facts underlying Napiltonia's allegations because his allegations relate to AFIMAC's corporate culture and raise issues about AFIMAC's notice of harassment claims, lack of effective HR policy, and could lead Plaintiffs to the existence of discoverable evidence. (*Id.* at PageID# 144-45.) Plaintiffs also argue that AFIMAC fails to demonstrate that the 1/26/2022 email falls within the protection of the attorney work product doctrine. (*Id.* at PageID# 146.)

## II. Legal Standard

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevance is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, 2018 WL 1373868 at *2 (S.D. Ohio Mar. 19, 2018) (citations omitted)). The concept of relevance, however, is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, 2009 WL 799638 at *2 (S.D. Ohio March 24, 2009). While a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). *See also Gallagher v. Anthony*, 2016 WL 2997599 at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of

discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

Rule 26(c) governs protective orders. That Rule authorizes the Court "for good cause shown" to issue a protective order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236 (internal citation omitted). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (citation omitted).

Fed. R. Civ. P. 26(b)(3) governs attorney work product and provides as follows:

(A) *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) *Protection Against Disclosure*. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A) & (B).

In determining whether a document is protected by the work product doctrine because it was "in anticipation of litigation" or for trial the Court must consider: "(1) whether that document was prepared because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009) (citing *United States v. Roxworthy*,

3

457 F.3d 590, 594 (6th Cir. 2006)). *See also Little Hocking Water Ass'n., Inc. v. E.I. Du Pont De Nemours & Co.*, 2013 WL 607969 at *9 (S.D. Ohio Feb. 19, 2013) *adopted by* 2014 WL 5857994 (S.D. Ohio Nov. 12, 2014) (it is not sufficient to state that a communication generally relates to litigation to warrant work product protection; the communication must have been "prepared in anticipation of litigation or for trial."). The Court must determine the "driving force behind the preparation of each requested document" in assessing whether the document is protected as work product. *Roxworthy,* 457 F.3d at 595.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.,* 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). Indeed, "'[i]t is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id*. (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)).

**III.     Analysis**

First, the Court declines to terminate Zukowski's deposition and concludes that Plaintiffs' questioning of Zukowski regarding his 1/26/2022 email and the allegations therein is relevant to this matter. (Doc. No. 31, PageID# 83.) AFIMAC fails to establish good cause under Rule 26(c) for a protective order from further questioning by Plaintiffs regarding Zukowski's 1/26/2022 email and the allegations therein. The Court need not rule on the admissibility of Zukowski's testimony at this time, but merely whether Plaintiffs' line of questioning is relevant and proportional to the needs of this case. The Court concludes that it is. Deposing Zukowski about his 1/26/2022 email, Napiltonia's allegations of egregious sexual harassment, any documented incidents that either support or refute Napiltonia's allegations of harassment, and any investigations conducted by Zukowski and AFIMAC's HR department into the incidents described in the 1/26/2022 email could lead to the

discovery of admissible evidence about AFIMAC's patterns and practices surrounding sexual harassment and Zukowski's knowledge of AFIMAC's purported culture of "egregious sexual harassment" throughout the company and its remote worksites. Further, it is possible that continued deposition of Zukowski about his knowledge of Napiltonia's (and others') complaints about allegedly pervasive sexual harassment within AFIMAC could lead to the discovery of admissible evidence related to the April 2020 events alleged in Plaintiffs' Complaint. Thus, the Court concludes that Plaintiffs' line of questioning about the 1/26/2022 email and the events described therein is relevant and proportional to the needs of the case, and, further, that Plaintiffs should be permitted to complete their deposition of Zukowski to inquire regarding same.

Second, having reviewed the parties' briefs and conducted its own *in camera* review of the 1/26/2022 email, the Court concludes that the 1/26/2022 email is not attorney work product, and that Plaintiffs need not destroy or return the document. Nothing on the face of the 1/26/2022 email indicates that it is subject to the protections of the attorney work product doctrine. (Doc. No. 32.) The email was exchanged between two non-lawyers and describes the content of a third AFIMAC employee's email. (*Id.*) There is no indication that this third AFIMAC employee, "Colleen," is an attorney. (*Id.*) Further, there is no indication that Zukowski prepared the email at the behest of an attorney, or as part of an attorney-directed investigation. (*Id.*) Additionally, Zukowski's email is dated 1/26/2022, well before Napiltonia filed his lawsuit on 6/10/2022. *See Napiltonia v. AFIMAC Global, Inc., et al.*, CV 22-964618, Cuy. Cnty. Ct. Common Pleas. There is no basis from the face of the email to conclude that AFIMAC anticipated litigation as of 1/26/2022.

Further, many of the allegations described in the 1/26/2022 email are nearly identical to the public allegations Napiltonia eventually leveled against AFIMAC in his 8/10/2022 amended

5

complaint in state court. *Id.* Thus, even if the 1/26/2022 email was attorney work product (and it is not), all of these allegations are publicly available on the state court docket and fall within the parties' agreed-upon relevant timeframe for discovery (i.e., May 2018 through March 21, 2022).

The Court is not persuaded by AFIMAC's Reply argument that Napiltonia amended his sexual harassment allegations to only allege that the single instance of "egregious sexual harassment" complained of by Napiltonia was an employee wearing an offensive t-shirt. (Doc. No. 36, PageID# 150.) The Court compared Zukowski's 1/26/2022 email to both the initial and amended Napiltonia complaints and concludes that AFIMAC ignores the myriad other allegations in the public amended complaint that align with the contents of Zukowski's 1/26/2022 email.[2] Napiltonia's removal of a single allegation about Schollaert attempting to fire a female employee in retaliation for her reporting sexual harassment to Napiltonia changes nothing about the Court's analysis. (*See* Doc. No. 36-1, ¶¶ 36-41.)

Further, the Court finds AFIMAC's attempt to downplay Napiltonia's amended allegation that Schollaert told Napiltonia that he "did not care" that an employee wore a sexually explicit t-shirt in the AFIMAC headquarters thoroughly unpersuasive. (Doc. No. 36, PageID# 150.) Having

---

[2] 

examined the t-shirt referenced in the amended complaint, Napiltonia's allegation that Schollaert was unbothered by the crass and off-putting t-shirt slogan tallies with allegations described in Zukowski's 1/26/2022 email.³

AFIMAC's sole basis for asserting that the 1/26/2022 email qualifies as attorney work product is AFIMAC's counsel's argument that the Napiltonia litigation was "then-inevitable" as of 1/26/2022 and that he directed Zukowski to prepare this email as part of counsel's investigation into the Napiltonia allegations. (Doc. No. 31, PageID# 86.) However, AFIMAC's counsel only suggested to Plaintiffs' counsel that the 1/26/2022 email "*may* be work product as it *may* be part of an investigation conducted at my direction" in an 8/4/2022 email to Plaintiffs' counsel two days after Zukowski's deposition. (Doc. No. 31-5, PageID# 136, emphasis added.) AFIMAC's counsel's unsubstantiated argument that the 1/26/2022 email is attorney work product is insufficient to establish that the email is entitled to protection under Rule 26(b)(3) and the attorney work product doctrine. AFIMAC's Reply argument that its undersigned counsel "explicitly attest[ed]" that he instructed an investigation to occur because he signed the motion in federal court under Rule 11 is unpersuasive. (Doc. No. 36, PageID# 151.) AFIMAC's attorney has provided nothing more than mere argument to substantiate the timing and existence of the attorney-directed investigation in January 2022. He did not attempt to file a declaration, affidavit, or any other supporting documentation that could demonstrate the veracity of his claim that Zukowski wrote the 1/26/2022 email at the behest of his attorney. Accordingly, the Court concludes that AFIMAC fails to establish that the 1/26/2022 email is entitled to protection under the attorney work product doctrine.

---

³ [redacted]

Because AFIMAC's Motion lacks merit, the Court need not address AFIMAC's request for sanctions.

IV. **Conclusion**

For the reasons set forth above, AFIMAC's Motion for Protective Order is DENIED. AFIMAC is ordered to provide Plaintiffs with Zukowski's availability so that Plaintiffs can complete his deposition.

**IT IS SO ORDERED.**

Date: August 12, 2022

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE